UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DEVAN COURTER,

        Plaintiff,

v.                                CAUSE NO. 3:23-CV-574 DRL-MGG

ELKHART COUNTY,

        Defendant.

## OPINION AND ORDER

Devan Courter, without a lawyer, sues Elkhart County[1] for violations of his Ninth and Fourteenth Amendment rights. He alleges harm to his parental rights and from spoliation of evidence, a false protection order, and malicious prosecution.[2] The County moves to dismiss under Federal Rule of Civil Procedure 12(b)(6). The court grants the motion.

## BACKGROUND

Accepting all well-pleaded allegations as true and taking all reasonable inferences in Mr. Courter's favor, these facts emerge. On March 28, 2023, Katelyn Bail, Mr. Courter's then-girlfriend, was arrested and charged with domestic battery in the presence of a minor [1 at 2; 1-1 at 1-4]. Mr. Courter was Ms. Bail's victim, and their 12-month-old son was the minor present [1 at 2; 1-1 at 3-4, 23]. At the Goshen Hospital, Mr. Courter was informed he had suffered a concussion [1 at 2; 1-1 at 5-8]. Witnesses confirmed that Ms. Bail had no injuries at the scene [1 at 2; 1-1 at 4].

---

[1] Mr. Courter sued Elkhart County. The Board of Commissioners is the executive body of Elkhart County. *See Schon v. Frantz*, 156 N.E.3d 692, 700 (Ind. Ct. App. 2020); Ind. Code § 36-2-2-2. The Board of Commissioners thus responds.

[2] Mr. Courter also alleges that Elkhart County violated his First, Second, Fifth, and Sixth Amendment rights, but the complaint doesn't reveal a basis for such claims.

Mr. Courter alleges that Ms. Bail regularly abused him and their son on at least three other separate occasions [1 at 2; 1-1 at 9-22]. This time, he took their son with him and left. [1-1 at 23-24]. Despite his claim that "Elkhart County deemed [him] to be a fit father" [1 at 2; 1-1 at 23-24], he says the County visited him at the hospital on March 28 and threatened him with kidnapping charges under Indiana Code § 31-14-13-1, a statute that creates a presumption that the biological mother has sole custody of a child born out of wedlock [1 at 2]. He says the County ordered him to surrender his son to Ms. Bail, and he says his son was "named within granted petition[,] . . . and Katelyn Bail was served" [*id.*].

After this, the Elkhart Superior Court transferred a case between Ms. Bail and Mr. Courter to St. Joseph County—what Mr. Courter calls a "false protection order" [1 at 2; 1-1 at 25]. Mr. Courter alleges that the County committed spoliation of exculpatory video evidence confirming that Ms. Bail suffered no injuries, and the County is now prosecuting him in violation of Indiana Code § 35-41-3-2 (which permits the use of reasonable force to protect a person or property) [1 at 2-3]. He also says the County refused to take a report on the abuse of his son and other abuse [*id.* 3].

DISCUSSION

In reviewing a motion to dismiss under Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). It need not plead "detailed factual allegations." *Id.* A claim must be plausible, not probable. *Indep. Tr. Corp. v. Steward Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Evaluating whether a claim is sufficiently plausible to survive a motion to dismiss is "a context-specific task that requires the reviewing court to draw on its

2

judicial experience and common sense." *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (quotations and citation omitted).

But before getting to this motion, the court must have subject matter jurisdiction. Congress has empowered only the United States Supreme Court to exercise appellate authority "to reverse or modify" a state court judgment. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284-85 (2005) (quoting *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 415 (1923)). The "*Rooker-Feldman* doctrine prevents lower federal courts from exercising jurisdiction over cases brought by state-court losers challenging state-court judgments rendered before the district court proceedings commenced." *Moore v. Wells Fargo Bank, N.A.*, 908 F.3d 1050, 1062 (7th Cir. 2018). Even "challenges to state-court child custody and visitation decisions are barred by *Rooker-Feldman*." *Bell v. Perez*, 612 F. Appx. 849, 850 (7th Cir. 2015).

The court also may not hear cases related to domestic relations, defined as "the granting of a divorce or annulment, an award of child custody, a decree of alimony or child support." *Dawaji v. Askar*, 618 F. Appx. 858, 860 (7th Cir. 2015) (citing *Friedlander v. Friedlander*, 149 F.3d 739, 740 (7th Cir. 1998)). Such claims fall into the "domestic-relations exception to federal subject-matter jurisdiction," which bars federal jurisdiction when plaintiffs seek relief on domestic claims. *Dawaji*, 618 F. Appx. at 860.

The best the court can tell, Mr. Courter alleges a deprivation of his parental rights in violation of the Ninth and Fourteenth Amendments. *See Stanley v. Illinois*, 405 U.S. 645, 651 (1972) (citations omitted) ("The integrity of the family unit has found protection in the Due Process Clause of the Fourteenth Amendment, the Equal Protection Clause of the Fourteenth Amendment, and the Ninth Amendment."); *Ellis v. Hamilton*, 669 F.2d 510, 512 (7th Cir. 1982), *cert. denied*, 459 U.S. 1069 (1982) ("It is plain . . . that the 'liberty' protected by the Due Process Clause of the Fourteenth Amendment includes the right to the custody of one's minor children."). Parents have the right to a meaningful opportunity to be heard before their parental rights are stripped, and the government may not misrepresent facts to obtain a child's removal from his or her parents. *See Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1020 (7th Cir. 2000). The

3

*Rooker-Feldman* doctrine bars only those suits that seek "to remedy an injury *inflicted* by the state court's decision." *Brokaw v. Weaver*, 305 F.3d 660, 669 (7th Cir. 2002).

Mr. Courter challenges an order to surrender his son to Ms. Bail, followed by a seeming grant of custody to Ms. Bail [*see* 1 at 2]. Mr. Courter cannot challenge such an order or custody decision under the *Rooker-Feldman* doctrine and the domestic relations exception to federal jurisdiction unless due process was not followed such that he did not have a meaningful opportunity to defend his parental rights. He alleges that Elkhart County threatened him with kidnapping charges and "put in an order of transfer for an illegal false protection order" [*see* 1 at 3]. The transfer order simply transferred a case to another court and provides no basis for a claim [*see* 1-1 at 25]. There are no allegations that the threatened kidnapping charges ultimately interfered with the custody decision. He also alleges that the County "refuse[d]" to take a report on the abuse of his son and other abuse, but not that he was denied the opportunity to be heard before he lost custody rights such that due process was violated [1 at 3]. Evinced by Mr. Courter's request for an award of custody [*id.*], he plainly brings a child custody claim that this court cannot hear.

Additionally, Mr. Courter brings a malicious prosecution claim, citing criminal case number 20H02-2305-CM-000387 (charging him with disorderly conduct). This case was transferred to Nappanee City Court under case number 20H03-2307-CM-000497. Under Indiana law, "[t]he elements of a malicious prosecution action are: (1) the defendant instituted or caused to be instituted an action against the plaintiff; (2) the defendant acted maliciously in so doing; (3) the defendant had no probable cause to institute the action; and (4) the original action was terminated in the plaintiff's favor." *Crosson v. Berry*, 829 N.E.2d 184, 189 (Ind. Ct. App. 2005). Mr. Courter's criminal case remains active, so he clearly cannot bring a claim of malicious prosecution. This claim must be dismissed.

Perhaps related to this criminal case, though Mr. Courter doesn't make it clear, is his claim that the County spoliated exculpatory evidence in violation of the due process clause of the Fourteenth

4

Amendment.³ This claim "has two essential elements: (1) the defendant destroyed exculpatory evidence in bad faith or engaged in other misconduct (2) that caused a deprivation of the plaintiff's liberty." *Armstrong v. Daily*, 786 F.3d 529, 551 (7th Cir. 2015). "[B]ad-faith destruction of exculpatory evidence is an immediate constitutional violation." *Id.* at 552. A conviction or a prolonged pretrial detention resulting from the destroyed evidence may satisfy the deprivation of liberty prong. *Id.* at 555. "[T]he loss or destruction of evidence does not implicate the Due Process Clause of the Fourteenth Amendment absent 'official animus' or a 'conscious effort to suppress exculpatory evidence.'" *United States v. Nesbitt*, 852 F.2d 1502, 1520 (7th Cir. 1988).

Mr. Courter's alleges paradoxically that the County "committed spoliation via negligence" through the destruction of a video corroborating that Ms. Bail had no injuries [1 at 3]. Even if the court were to stretch his allegations of animus elsewhere, such as the County's threats [*see* 1 at 2], he has not alleged a deprivation of liberty accompanied the destruction of evidence, such as prolonged pretrial detention or a criminal conviction. This claim can't proceed without plausible factual support.

Even if Mr. Courter alleged a deprivation of liberty, he has not alleged sufficient facts to hold the County liable. Under 42 U.S.C. § 1983, a person may sue anyone who, while acting under color of state law, causes him or her to be deprived of any of his or her constitutional rights. *Connick v. Thompson*, 563 U.S. 51, 60 (2011). A county may be held liable under § 1983 only if "execution of [its] policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell v. N.Y. City Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978). There are three paths to municipal liability for the deprivation of a person's constitutional rights: (1) an express policy, (2) a widespread custom, or (3) a deliberate act of a decisionmaker with final policymaking authority. *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005).

---

³ Mr. Courter frames this as a Sixth Amendment issue, but this claim is properly brought under the due process clause of the Fourteenth Amendment. *See United States v. Nesbitt*, 852 F.2d 1502, 1520 (7th Cir. 1988).

To succeed on a § 1983 claim against a municipality, a plaintiff must establish that (1) he suffered a deprivation of a federal right (2) as a result of an express policy, a widespread custom, or a deliberate act of a decisionmaker with final policymaking authority for the county (3) that was the proximate cause of his injury. *King v. Kramer*, 763 F.3d 635, 649 (7th Cir. 2014). "The 'official policy' requirement for liability under § 1983 is to 'distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *Estate of Sims ex rel. Sims v. Cnty. of Bureau*, 506 F.3d 509, 515 (7th Cir. 2007) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986)) (emphasis omitted). "To prove an official policy, custom, or practice within the meaning of *Monell*, [a plaintiff] must show more than the deficiencies specific to his own experience, of course." *Daniel v. Cook Cty.*, 833 F.3d 728, 734 (7th Cir. 2016).

Mr. Courter has not alleged that the County has an express policy or widespread custom that caused the spoliation of evidence, or that the spoliation occurred at the hands of a decisionmaker with final policymaking authority for the County. He does not allege any facts other than his own experience with the County to support the argument that there might be an unconstitutional policy or custom. *See Daniel*, 833 F.3d at 734. Further, he hasn't alleged who committed the spoliation. Because the doctrine of *respondeat superior* does not apply to § 1983 actions, *see Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001), the court can't determine whether the spoliation was committed by someone whose acts could be attributed to the county under § 1983. Even construing Mr. Courter's complaint liberally as a *pro se* pleading, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), Mr. Courter has not plausibly pleaded a claim for spoliation of evidence against the County under § 1983.

When a *pro se* plaintiff's first complaint doesn't state a claim on which relief can be granted, the court should give the plaintiff an opportunity to amend the complaint unless it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted. *Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015). "The ordinary practice, especially for *pro se* pleadings, is to allow at

least one amendment." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018) (emphasis added). The County argues that it cannot be liable, as the actions described in the complaint were likely performed by government agencies out of the County's control. But Mr. Courter alleges that the County committed these acts. Given that he is proceeding *pro se*, and taking his allegations as true, the court will afford Mr. Courter another opportunity and let him file an amended complaint, limited to his spoliation claim so long as he thinks he can amend consistent with this order. In amending his complaint against the County or any County defendant, he must provide as many facts as to what has transpired, such as: the harm, who precisely caused the harm, how they caused the harm, when they caused the harm, and the like. There must be sufficient facts pleaded to allow the court and any defendant to understand there is a plausible claim.

## CONCLUSION

Accordingly, the court GRANTS the motion to dismiss [11], without prejudice, for lack of jurisdiction and for failing to present a plausible claim, AFFORDS Mr. Courter leave to amend his complaint as to the due process (spoliation) claim only, and CAUTIONS him that failure to file an amended complaint by February 6, 2024 will result in the dismissal of his case without further notice because his current complaint doesn't state a claim.

SO ORDERED.

January 16, 2024                                             *s/ Damon R. Leichty*
                                                             Judge, United States District Court