UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DEVAN COURTER,

        Plaintiff,

   v.                                CAUSE NO. 3:23-CV-574 DRL-SJF

ELKHART COUNTY,

        Defendant.

### ORDER

Devan Courter, a *pro se* plaintiff, filed an objection to Magistrate Judge Scott Frankel's order [55] denying his motions for sanctions. In his objection, Mr. Courter largely rehashes arguments made in his initial motions for sanctions. Specifically, he contends that the so-called "safe harbor provision" of Rule 11(c)(2) doesn't apply to the government for violating his constitutional rights or making false statements, that it wouldn't be an abuse of the court's discretion to grant his motions without adhering to the safe harbor provision, that he is permitted to file a motion for sanctions in conjunction with motions seeking other relief, and that his filing of documents as judicial notices counts as sufficient notice under Rule 11.

A magistrate judge's order is reversible under Rule 72(a) if it is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co. Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997). No clear error occurred here.

On March 7, 2024 and June 3, 2024, Mr. Courter filed motions asking the court to strike from the record several documents filed by Elkhart County and to impose a fine on the County, alleging that the County made false statements in several filings. He says the County's conduct supports an award of sanctions under Rule 11 totaling an approximation of the amount of time he spent preparing the motions.

Magistrate Judge Frankel recommended denying the motions for failing to comply with the requirements of the procedural rules. First, Mr. Courter failed to comply with the requirements of Rule 11(c)(1) and (c)(2) by failing to serve the County with formal notice of the conduct alleged to violate Rule 11 and giving the County the opportunity to withdraw or correct its actions to avoid imposition of sanction. Second, Mr. Courter combined his requests for sanctions with other requests for relief, contrary to Rule 11(c)(2) and Local Rule 7-1(a).

Mr. Courter's objections to this recommendation are without merit. He has failed to show clear or legal error. Though the court construes *pro se* filings liberally, even *pro se* parties must comply with the rules—both federal rules and local rules—and he failed to do so.[1] *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008). His objections really amount to excuses for why he thinks the rules don't apply to him. The answer to that is very simple: they do.

Accordingly, the court OVERRULES Mr. Courter's objection [56], ADOPTS the magistrate judge's well-reasoned order, and DENIES the motions for sanctions [24, 33].

SO ORDERED.

February 25, 2025         *s/ Damon R. Leichty*
                          Judge, United States District Court

---

[1] 28 U.S.C. § 2071 and Federal Rule of Civil Procedure 83 authorize district courts to promulgate local rules.

2